ALTENBERND, Judge.
Thomas H. DeCillis appeals the dismissal of his lawsuit seeking to invalidate the November 1990 election of two board members to the Sarasota County Public Hospital Board. We affirm.
The Sarasota County Public Hospital Board has members from three districts. Pursuant to a special law, chapter 86-373, Laws of Florida, two members of the Board must reside in each district. They are elected by the voters in their specific district. In 1990, Mr. DeCillis, Richard Nash, and Sharon Wilkin were the three candidates for election from the southern district of the Board.
The special act describes the election procedure as follows:
In any year in which hospital board district seats are to be filled, the hospital board district (northern, central, or southern) shall be printed on the ballot beneath the name of the office. The names of candidates in the district shall be arranged thereunder, followed by printed words instructing the voters to vote for the number of candidates to be elected from such hospital board district in that year.
Ch. 86-373, § 1(3), Laws of Fla.
In accordance with the special act, the ballot listed all three candidates for the southern district and informed the voters to select two candidates. Mr. DeCillis received the fewest votes. Thus, the other two candidates won the two available seats on the Board.
Mr. DeCillis’ amended complaint maintains that, despite the language of the special act, the ballot could not legally group the three candidates into a single list from which two candidates would be elected. He argues that the provisions of the special act are inconsistent with the Florida Constitution. Moreover, he alleges that the provisions of the special law are unenforceable because they conflict with section 189.-405(2)(a), Florida Statutes (1989), and section 100.071, Florida Statutes (1989).
The Florida Constitution requires that: “All elections by the people shall be by direct and secret vote. General elections shall be determined by a plurality of votes cast.” Art. VI, § 1, Fla. Const. The election method specified in the special law fulfills these constitutional requirements.
Mr. DeCillis has not alleged a factual basis to support any violation of section 189.405, Florida Statutes (1989). That statute regulates elections for the governing boards of special districts. Although that statute requires this type of special district to select its members by the decision of a “majority of those voting,” the process of giving each voter two choices from the list appears to accomplish that requirement in this case.[1]
Finally, Mr. DeCillis relies heavily on the language of section 100.071, Florida Statutes (1989), concerning the grouping of candidates on 'primary ballots and the subsequent listing of each political party’s *1189 nominees on a general election ballot. Although the special act does describe the election of board members as “a partisan election,” we conclude that section 100.071 does not prohibit the election procedure in this general election.
Affirmed.
LEHAN, A.C.J., and PARKER, J., concur.

. We express no opinion whether this would be true if numerous candidates ran for office.